UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **RICHARD WAGNER**, | ) |
| Plaintiff, | ) Case No. 1:23-cv-1869 |
| v. | ) |
| **HARI AUM LLC a Missouri Limited Liability Company** | ) Judge: |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, **RICHARD WAGNER**, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant **HARI AUM LLC a Missouri Limited Liability Company** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Richard Wagner, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions

to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Richard Wagner ("Plaintiff" or "Mr. Wagner") is a Delaware County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant, HARI AUM LLC, owns and/or operates the Days Inn, which is a hotel located at 880 State Route 97 West, Bellville, OH, 44813 located in Richland County.

6. Upon information and belief, the hotel owned or operated by the Defendant, HARI AUM LLC, is non-compliant with the remedial provisions of the ADA. As the Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Wagner is an individual diagnosed with spinal paralysis and permanently uses a wheelchair for mobility. As such, Plaintiff is substantially limited in performing one or

|     |     |
| --- | --- |
|     | more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. |
| 8.  | Mr. Wagner is a Delaware County, Ohio resident and a race car enthusiast. He competes as a licensed competition driver with the National Auto Sport Association (NASA) throughout the Great Lakes Region and beyond. Mr. Wagner has been driving two to three times annually (and in some seasons more) at the Mid-Ohio Race Complex located in Lexington, OH every year since 2012.  He was there last in August 2023. |
| 9.  | On August 24, 2023, Plaintiff patronized the Defendant's property as an overnight guest while in Lexington competing at a NASA event, and he plans to return to the property to avail himself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the subject's property.  The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation. |
| 10. | Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of |

other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

13. The Defendant has discriminated and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the Days Inn hotel, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

**Parking**

A. In the parking lot, where there are more than 25 parking spaces, only 1 accessible parking space is being provided and therefore is a legally insufficient number of designated accessible parking spaces, in violation of the ADA section 208 of the 2010 Standards and 1991 ADAAG section 4.1.2, whose remedy is strictly required or at minimum is readily achievable.

B. In the parking lot, signs identifying "accessible parking" are missing the sign identifying it as a 'accessible' stall, in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or at minimum is readily achievable.

C. In the parking lot, there are no "van accessible" parking spaces and no parking space identified as a 'van accessible' stall, in violation of the ADA section 208.2.4 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or at minimum is readily achievable.

D. In the parking lot, the access aisles have a change in level due to a ramp built within it, in violation of the ADA section 502.4 of the 2010 Standards and 1991 ADAAG section 4.6.6, whose remedy is strictly required or at minimum is readily achievable.

E. There is not the required 5 foot wide marked access aisle in the vehicle pull-up space at the hotel passenger loading zone, in violation of the ADA section 503.3 of the 2010

Standards and 1991 ADAAG section 4.6.6, whose remedy is strictly required or at minimum is readily achievable.

F. There is no accessible route from hotel passenger loading zone to the front entrance due to a curb, in violation of the ADA section 503.3 of the 2010 Standards and 1991 ADAAG section 4.6.6, whose remedy is strictly required or at minimum is readily achievable.

G. At the lobby entrance, the floor mat at the door is not secured in place, in violation of the ADA section 302.2 of the 2010 Standards and 1991 ADAAG section 4.5., whose remedy is strictly required or at minimum is readily achievable.

H. The tables and counter in the lobby dining area do not provide at least 5% of compliant seating or standing dining surfaces having compliant knee and toe clearances or table top surface height as required, in violation of sections 306.2, 306.3, and 902.2 of the 2010 ADA Standards, and 1991 ADAAG section 4.32.3, whose remedy is strictly required or at minimum is readily achievable.

I. The entrance door to the lobby does not provide a a clear width of 32 inches minimum, in violation of section 404.2.3 of the 2010 Standards and 4.13.5 of the 1991 ADAAG, whose remedy is strictly required or at minimum is readily achievable.

**Mobility Accessible Guest Room #110**

J. In accessible guest room #110, there is not sufficient maneuvering clearance to access all room amenities or to navigate the "accessible guest room," partly due to the placement of furniture, in violation of the ADA and section 304 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

K. In accessible guest room #110, the drape wands are not accessible because they require tight grasping, pinching, or twisting of the wrist, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or at minimum is readily achievable.

L. In accessible guest room #110, the drape wands are too high and out of the maximum side reach range, in violation of the ADA and section 308 of the 2010, Standards whose remedy is strictly required or at minimum is readily achievable.

M. In the accessible guest room bathroom, the security latch is not accessible because it requires tight grasping, pinching, or twisting of the wrist, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section: 4.27.4, whose remedy is strictly required or at minimum is readily achievable.

N In the accessible guest room bathroom, the sink blocks the clear floor space around the toilet, in violation of the ADA section 604.3.1 of the 2010 Standards and 1991 ADAAG section 4.71.3, whose remedy is strictly required or at minimum is readily achievable.

O. In the mobility accessible guest room bathroom, the rear grab bar at the toilet is not compliant, as it is only 24" long, in violation of the ADA section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.26.2, whose remedy is strictly required or at minimum is readily achievable.

P. In the accessible guest room bathroom, the rear grab bar is not located 33 inches minimum to 36 inches maximum above the finish floor measured to the top of the gripping surface but instead is mounted too high, in violation of the ADA section 609.4

of the 2010 Standards and 1991 ADAAG section 4.17.6, whose remedy is strictly required or at minimum is readily achievable.

Q. In the accessible guest room bathroom, the flush handle is not located on the open side of the toilet, in violation of the ADA section 604.6 of the 2010 Standards and 1991 ADAAG section 4.18.4, whose remedy is strictly required or at minimum is readily achievable.

R. In the accessible guest room bathroom, the side grab bar to the water closet is missing, in violation of the ADA section 604.5 of the 2010 Standards and 1991 ADAAG section 4.17.6, whose remedy is strictly required or at minimum is readily achievable.

S. In the accessible guest room bathroom, the toilet paper is not properly mounted or located 7 inches minimum to 9 inches maximum in front of the water closet, in violation of the ADA and section 604.7 of the 2010 Standards whose remedy is strictly required or at minimum is readily achievable.

T In the accessible guest room bathroom, the Roll-in shower stall is out of compliance as it does not measure 30" wide minimum by 60" deep minimum clear inside dimensions measured at center points of opposing sides and shall have a 60 inches (1525 mm) wide minimum entry on the face of the shower compartment, in violation of the ADA and section 608.3.2 of the 2010 Standards and section 4.21.2 of the 1991 ADAAG figure 35b, whose remedy is strictly required or at minimum is readily achievable.

U. In the accessible guest room bathroom, the Roll-in shower stall is out of compliance because it is missing the required fixed, permanent folding seat for transient lodging guest rooms, in violation of the ADA and section 608.4 of the 2010 Standards, whose remedy is readily achievable.

V. In the accessible guest room bathroom, the Roll-in shower stall is out of compliance because there are grab bars missing on the side and control walls, and the back wall grab bar is mounted too high, in violation of the ADA and section 608.3.2 of the 2010 Standards and Figure 37(b) of the 1991 ADAAG, whose remedy is readily achievable.

W. In the accessible guest room bathroom, the Roll-in shower and sprayer on a house is not provided, in violation of the ADA and section 608.6 of the 2010 Standards and section 4.21.6 of the 1991 ADAAG, whose remedy is readily achievable.

**Mobility Accessible Guestrooms Generally**

X. Upon information and belief, the Days Inn has **37** total rooms but does not have the requite number of 2 mobility accessible guestrooms, in violation of section 9.1.2 of the 1991 ADAAG, whose remedy is readily achievable.

**Policies and Procedures:**

Y. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

Z. The Defendant's inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Richard Wagner.

15. The discriminatory violations described in Paragraph 14 by Defendant HARI AUM LLC are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the

barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

<u><strong>COUNT I</strong></u><br><u><strong>VIOLATION OF THE AMERICANS WITH DISABILITES ACT</strong></u>

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The hotel at issue, as owned and operated by HARI AUM LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility readily accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make such compulsory alterations or at minimum readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW**
**O.R.C. §4112.01 et seq.**

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. The Defendant HARI AUM LLC, operate or owns a "place[s] of public accommodation" pursuant to O.R.C. §4112.01(A)(9).

23. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. Defendant's property is replete with barriers to handicap access that discourage, dissuade and impair usage of the hotel's amenities and ability to navigate the property. Defendant's unlawful acts also impair the Plaintiff's ability to perform the important basic function of bathing in his own transient lodging guestroom.

24. The Defendant's acts are willful, severe and ongoing.

25. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all compulsory alterations or at minimum readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. 0074743
Law Offices of Owen B. Dunn, Jr.
The Offices of Unit C
6800 Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net
 Counsel for Plaintiff Richard Wagner